IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME D. JOHNSON,                             :
a/k/a JERRY DEAN JOHNSON,
    Plaintiff                                  :

v                                              :        Civil Action No.: PJM-13-22

JILL MASMAN,                                   :

    Defendant                                 :

. . .o0o . . .

## MEMORANDUM OPINION

On January 2, 2013, the above captioned case was filed by Plaintiff pro se pursuant to 42 U.S.C. § 1983. The defendant named in this action is a private citizen who accused Plaintiff of raping her. ECF No. 1. Plaintiff alleges that while the allegation has not yet been tried he has been incarcerated as a result of the defendant's "lies." He asks that the case be removed from his file and Defendant criminally charged. *Id*.

In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. The Defendants named in the instant complaint is not a state official nor does the conduct described by Plaintiff have the imprimatur of official conduct.

In limited circumstances, however, seemingly private conduct can be the subject of a §1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a

clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).  None of the acts or conduct alleged by Plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).  The civil rights claim Plaintiff asserts against the Defendant in the instant case must, therefore, be dismissed.

To the extent Plaintiff's complaint raises state law claims, while such claims may be asserted in the Court in some instances, the case *sub judice* is not one of those instances.  Under 28 U.S.C. §1332 a civil action may be maintained in this Court if the amount in controversy exceeds the sum or value of $75,000 **and** the parties in the action are citizens of different States.  Plaintiff states that he resides in Maryland as does Defendant. Every allegation contained in the complaint concerns conduct that took place within the state of Maryland.  Without reaching the merits of these claims, this Court will, by separate order, dismiss them without prejudice. Plaintiff will then be permitted, if he so desires, to assert these claims in the appropriate state forum.

January 14, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE